UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| FRUTH, INC., individually and on behalf of all those similarly situated, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 4:26-cv-01548-CMS |
| EXPRESS SCRIPTS, INC., | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Before the Court is Defendant Express Scripts, Inc.'s Motion to Dismiss (Doc. 124). For the reasons stated herein, the Motion is granted.

**BACKGROUND**

**I. Factual Background**

The following allegations from Plaintiff Fruth, Inc.'s First Amended Class Action Complaint for Declaratory and Statutory Relief (Doc. 112) are accepted as true for purposes of this Order. *See Brokken v. Hennepin Cnty.*, 140 F.4th 445, 450 (8th Cir. 2025).

Plaintiff is a West Virginia pharmacy employing over 500 people. (Doc. 112 ¶¶ 1, 13). Defendant is a pharmacy benefits manager (PBM) licensed to do business in West Virginia. *Id.* ¶ 3. The West Virginia Legislature enacted the West Virginia Pharmacy Audit Integrity Act (the "Act"), which regulates the conduct of PBMs, in 2017 and amended the Act in 2021. *Id.* ¶¶ 15–17.

Section 33-51-9 of the Act "makes it illegal for [PBMs] to reimburse a pharmacy or pharmacist without including a 'professional dispensing fee of $10.49[]'" and "to 'reimburse a pharmacy or pharmacist for a prescription drug or pharmacy service in an amount less than the

amount the [PBM] reimburses itself or an affiliate for the same prescription drug or pharmacy service." *Id.* ¶¶ 18–19. The Act prohibits PBMs "from entering into a contract with a pharmacy that provides for reimbursement methodology not permissible under" the Act. *Id.* ¶ 21. The Act also requires PBMs "to post on their websites significant quarterly reporting of their activities . . . ." *Id.* ¶ 28.

Plaintiff alleges that, since the Act was amended in 2021, Defendant has "intentionally, willfully, systematically, and with fraudulent intent engaged in an illegal scheme to violate" the Act by "failing to provide Plaintiff . . . with a professional dispensing fee of $10.49 each time" Plaintiff was "reimbursed for prescription drugs and pharmacy services." *Id.* ¶ 23. Plaintiff also alleges that Defendant has reimbursed its "own affiliated pharmacies for prescription drugs and pharmacy services at rates much higher than the rates at which they have reimbursed" Plaintiff "for the same prescription drugs and pharmacy services." *Id.* ¶ 24. Plaintiff alleges Defendant's purpose "was/is to steal money from Plaintiff . . ." and "Defendant has undertaken a number of activities to cover up and fraudulently conceal its illegal activities . . . ." *Id.* ¶¶ 26–27. Defendant allegedly has "refused to post the necessary reporting on their website" and refused Plaintiff access to "copies of . . . adhesive contract(s)" entered into in violation of the Act. *Id.* ¶¶ 29, 31–32.

## II. Procedural Background

On December 23, 2025, Plaintiff filed its Class Action Complaint for Declaratory and Statutory Relief in the United States District Court for the Southern District of West Virginia. (Doc. 1).

On March 2, 2026, former defendants OptumRX, Inc., Caremark, L.L.C., and CaremarkPCS Health, L.L.C., filed their Motions to Compel Arbitration (Docs. 12 and 14).

On March 12, 2026, Defendant Express Scripts, Inc. filed its Motion to Sever and Transfer Claims pursuant to 28 U.S.C. § 1404(a), Federal Rule of Civil Procedure 21, and a venue selection clause within an underlying agreement between the parties. (Doc. 29).

On September 28, 2026, the United States District Court for the Southern District of West Virginia granted the Motions to Compel Arbitration and Defendant's Motion to Sever and Transfer Claims to this Court. (Doc. 106).

Also on September 28, 2026, Plaintiff filed its First Amended Class Action Complaint for Declaratory and Statutory Relief against Defendant Express Scripts, Inc., and former defendants OptumRX, Inc., Caremark, L.L.C., CaremarkPCS Health, L.L.C., and CaremarkPCS, L.L.C. (Doc. 112). The Amended Complaint contains three counts: Violation of Section 33-51-9(f) of the Act (Count I); Violation of Section 33-51-9(e) of the Act (Count II); and Declaratory Judgment (Count III). *Id.* ¶¶ 47–58.

On October 13, 2026, Defendant Express Scripts, Inc. filed its Motion to Dismiss First Amended Class Action Complaint and, Alternatively, to Strike Class Claims. (Doc. 124). In its Motion, Defendant argues Plaintiff's Amended Complaint "should be dismissed with prejudice because there is no private right of action under the Act and therefore Plaintiff fails to state a claim upon which relief may be granted." (Doc. 130 at 6). Alternatively, Defendant argues, "the Court should strike the class allegations" because the underlying contract "precludes Plaintiff and [Defendant] from pursuing claims or disputes against one another on a consolidated or class basis." *Id.*

On October 28, 2026, Plaintiff filed its Memorandum in Opposition. (Doc. 133).

## LEGAL STANDARDS

### I. Motion to Dismiss

A defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) Motion, a complaint must include "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief . . . to give the defendant fair notice of . . . the claim . . . and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations omitted); Fed. R. Civ. P. 8(a)(2). The complaint must "contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted), and "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Delker v. MasterCard Int'l, Inc.*, 21 F.4th 1019, 1024 (8th Cir. 2022) (citing *Twombly*, 550 U.S. at 555). The issue is not whether the plaintiff will prevail, but whether he is "entitled to present evidence in support of his claim." *Id.*

When analyzing a motion to dismiss, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Brokken*, 140 F.4th at 450 (internal citations omitted). Still, the Court does not "presume the truth of legal conclusions." *Jones v. City of St. Louis*, 104 F.4th 1043, 1046 (8th Cir. 2024) (internal citations omitted). The analysis is context specific and "requires the reviewing court to draw on its judicial experience and common sense." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

## DISCUSSION

### I. Counts I and II

In Counts I and II, Plaintiff alleges Defendant violated the Act. Defendant argues the Act does not provide for a private right of action; Plaintiff argues that is does. (Docs. 130, 131). The

sections of the Act at issue do not provide for an express private right of action. *See* W. Va. Code § 33-51-9 (stating no explicit private right of action). Thus, the Court must determine whether the Act provides for an *implied* private right of action. Because the Act is a West Virginia statute, the Court must apply West Virginia's rules of statutory construction. *See Behlmann v. Century Sur. Co.*, 794 F.3d 960, 963 (8th Cir. 2015) ("Interpreting state statutes, this court applies that state's rules of statutory construction.").

The Supreme Court of Appeals of West Virginia has laid out a four-factor test to determine whether an implied private right of action exists:

> (1) the plaintiff must be a member of the class for whose benefit the statute was enacted; (2) consideration must be given to legislative intent, express or implied, to determine whether a private cause of action was intended; (3) an analysis must be made of whether a private cause of action is consistent with the underlying purposes of the legislative scheme; and (4) such private cause of action must not intrude into an area delegated exclusively to the federal government.

*Hurley v. Allied Chem. Corp.*, 262 S.E.2d 757, 763 (W. Va. 1980). In applying these four factors, the Court finds the Act does not provide for a private right of action.

**A. Plaintiff is a Member of the Class for Whose Benefit the Statute was Enacted.**

Under the first factor, the Court must determine whether Plaintiff is "a member of the class for whose benefit the statute was enacted." *Id.* The plain language of the Act makes apparent that pharmacies are "the class for whose benefit the statute was enacted." *Hurley*, 262 S.E.2d at 763; *see* W. Va. Code § 33-51-9 (repeatedly discussing the rights and protections afforded to pharmacists: "A pharmacy, pharmacist, and a pharmacy technician shall have the right . . ."; "A pharmacy benefit manager may not collect from a pharmacy, a pharmacist, or a pharmacy technician . . ."). The Act defines "pharmacy" as "any place within this state where drugs are dispensed and pharmacist care is provided." W. Va. Code § 33-51-3. Plaintiff clearly falls within

the definition of "pharmacy" and, therefore, is a member of the class for whose benefit the statute was enacted. Thus, the first factor weighs in favor of a private right of action.

**B. The Legislative Intent Indicates no Private Right of Action was Implied.**

The second factor, the legislative intent, "is the polar star in determining the existence of a private cause of action." *Fucillo v. Kerner ex rel. J.B.*, 744 S.E.2d 305, 310 (W. Va. 2013). Where the legislature establishes an enforcement process or delegates enforcement to a governmental body, a private right of action is not inferred. *Gen. Pipeline Constr., Inc. v. Hairston*, 765 S.E.2d 163, 172 (W. Va. 2014). When applying the second *Hurley* factor, the West Virginia court indicated that a statute that "creates no administrative remedy" may imply a private right of action. *Hurley*, 262 S.E.2d at 764.

But here, the Act *does* create an administrative remedy: The Insurance Commissioner may enforce provisions of the statute. *See* W. Va. Code § 33-51-9 ("The commissioner may order reimbursement to an insured, pharmacy, or dispenser who has incurred a monetary loss as a result of a violation of this article or legislative rules implemented pursuant to this article."); *id.* § 33-51-8 (a PBM must "first obtain[] a license from the Insurance Commissioner"; "The Insurance Commissioner shall determine the amount of the initial application fee . . ."; "The Insurance Commissioner shall enforce this section . . . ."); *id.* § 33-51-10 ("The Insurance Commissioner shall propose rules for legislative approval . . . ."). Further, the West Virginia Offices of the Insurance Commissioner implemented Rule 114-99-1 to "provide for the regulation of pharmacy auditing entities and [PBMs] . . ." explicitly by the Insurance Commissioner. *See* W. Va. Code. R. § 114-99-1 (2022).

Both the plain text of the Act and the legislative history to which West Virginia courts refer make clear that the Insurance Commissioner has been granted authority to enforce the Act and

suggest there is no private right of action. Thus, the second factor weighs heavily against a private right of action. *Gen. Pipeline Constr., Inc.*, 765 S.E.2d at 172.

**C. A Private Right of Action is Inconsistent with the Act's Legislative Scheme.**

A "private remedy should not be implied if it would frustrate the underlying purpose of the legislative scheme. On the other hand, when that remedy is necessary or at least helpful to the accomplishment of the statutory purpose, the Court is decidedly receptive to its implication under the statute." *Hurley*, 262 S.E. 2d at 762 (citing *Cannon v. University of Chicago*, 441 U.S. 677, 703 (1980)). In applying the third prong, courts look at the express goals of a statute and whether a private right of action would further those goals. *Knisely v. Nat'l Better Living Ass'n, Inc.*, No. 3:14-cv-15, 2015 WL 1868819, at *16 (N.D.W. Va. Apr. 23, 2015). Courts also analyze whether a "statute expressly provide[s] a remedy for a violation of its terms." *Guevara v. K-Mart Corp.*, 629 F. Supp. 1189, 1192 (S.D.W. Va. 1986).

The express goal of the Act is to regulate PBMs and pharmacy auditing entities. W. Va. Code § 33-51-2. Section 9 of the Act provides that the Insurance Commissioner may order reimbursement to a pharmacy. *Id.* § 33-51-9. Thus, the Act provides a remedy for a violation of its terms. *Id.* § 33-51-9(g) ("The commissioner may order reimbursement to an insured, pharmacy, or dispenser who has incurred a monetary loss as a result of a violation of this article or legislative rules implemented pursuant to this article.").

Also, the Insurance Commissioner has promulgated rules for pharmacies to seek administrative remedies. W. Va. Code. R. §§ 114-99-8.5.1–8.5.2 (2022). "A private cause of action would not help" regulate PBMs. *Knisely*, 2015 WL 1868819, at *16. Rather, it "could instead lead to judicial decisions inconsistent with how the commissioner of insurance fulfills his duties . . . ." *Id.*

The third factor also weighs against a private right of action.

### D. There Is No Intrusion into an Area Delegated Exclusively to the Federal Government.

Both parties agree that the fourth factor is "not applicable, as nothing at issue in this case intrudes into an area delegated exclusively to the federal government." *Fucillo*, 744 S.E.2d at 314; *see also* (Doc. 130 at 13–14; Doc. 133 at 10 n.2). Thus, the Court need not analyze the fourth factor.

### E. There Is No Private Right of Action.

Considering each of the factors, the Court finds there is no private right of action. Although Plaintiff is a member of the class for whose benefit the statute was enacted, the Insurance Commissioner has the authority to enforce the Act, and a private right of action would be inconsistent with the Act's legislative scheme.

## II. Count III

Plaintiff seeks declaratory judgment relief that Defendant violated the Act, that the underlying contract between Plaintiff and Defendant is unenforceable, and that Plaintiff and putative class members are entitled to reimbursement under the Act. (Doc. 112 ¶ 58).

But "the availability of [declaratory judgment] relief presupposes the existence of a judicially remediable right." *Schilling v. Rogers*, 363 U.S. 666, 677 (1960). Because there is no private right of action under the Act, declaratory judgment relief is unavailable to Plaintiff. *See, e.g.*, *Hillsboro Dental, LLC v. Hartford Cas. Ins., Co.*, No. 4:10-cv-271-CEJ, 2010 WL 5184956, at *3 (E.D. Mo. Dec. 15, 2010) (dismissing declaratory judgment claim when substantive claim had no private right of action).

## CONCLUSION

The Court concludes there is no private right of action under the Act. *See supra*. Because there is no private right of action, Plaintiff's attempt to bring such an action fails to state a claim upon which relief can be granted. *See, e.g.*, *Wisdom v. First Midwest Bank of Poplar Bluff*, 167 F.3d 402, 408–09 (8th Cir. 1999) (affirming district court's grant of motion to dismiss because statute did not provide implied private right of action).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Doc. 124) is **GRANTED**.[1]

The Clerk of Court is directed to close this case.

So ordered this 30th day of October 2026

CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE

[1] Because all claims are dismissed, the Court need not consider Defendant's alternative request to strike class allegations.